# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEMETRIUS BURKE, # 246227,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 17-0197-CG-N** |
| **SGT. EARL,** *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Demetrius Burke, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint.** (Doc. 1).

In section III of the complaint form, Burke names as defendants, Sergeant Earl, Captain Emberion, Sergeant Salter, Sergeant Lang, Officer Bennett, Lieutenant Brown, and Lieutenant McKenzie. (Doc. 1 at 7-10). Except for defendant Salter, Burke describes the other defendants as witnesses. (*Id.*).

In the complaint Burke alleges that on April 15, 2017, at 7:00 a.m., defendant Earl passed out canteen purchases to the Holman Correctional Facility's segregation inmates. (*Id.* at 4). When defendant Earl came to Burke's cell, Burke did not receive what was on his April 11, 2107 sale receipt. (*Id.*). That is, Burke did not receive the five Uncle Al's Chocolate Chip cookies (153) that he ordered. (*Id.*). Defendant Earl said they

were all gone and he would put money back on Burke's inmate account. (*Id.*). Burke also did not receive the five oatmeal cakes (166) he ordered. (*Id.*). To replace them, he received five Buddy Bars (142), but because a Buddy Bar costs $0.54 and an oatmeal cake costs $0.42, he returned the Buddy Bars to defendant Earl. (*Id.*). Defendant Earl wrote this down on the canteen receipt. (*Id.* at 4-5).

On April 18, 2017, when defendant Emberion was making his rounds in segregation at 8:00 a.m., Burke gave him a request slip concerning his canteen purchases and described what happened with defendant Earl. (*Id.* at 5). Later that day at 4:00 p.m., defendant Salter came to Burke's cell with a brown paper with his canteen purchases, which she refused to give him. (*Id.*).

That night, at 10 p.m., when defendant Lang came to Burke's cell during shower time, Burke asked him if he would look in the segregation/death row shift office for the canteen purchase. (*Id.*). Defendant Lang sent defendant Bennett to the office, and defendant Bennett returned and said that defendant Brown said, "He got to deal with Sgt. Salter cause she the one that took it." (*Id.*).

On April 22, 2017 at 4:15 p.m., Burke asked defendant McKenzie to check on his canteen purchase. (*Id.*). Near 5:40 p.m., defendant Salter came to his cell with an "old brown paper bag with ruin[ed] canteen purchase[s] in it." (*Id.*). The oatmeal cakes looked like they had been meddled with and the Uncle Al's Chocolate Chip cookies were destroyed. (*Id.*). Burke told defendant Salter that he did not want the canteen purchases and to put the money back on his inmate account. (*Id.*). Defendant Salter told Burke that she would not put the money back on his inmate account, and if he did not want them, to throw them away. (*Id.*).

For relief, Burke requests $3,500 for his ruined canteen purchases, for his mental

2

and emotional pain, and for being treated unfairly. (*Id.* at11)

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Burke is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id*. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled*

---

[1] *Neitzke's* interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

*on other grounds by Iqbal*, 566 U.S. 662.  The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Id.* at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.  Discussion.**

    **A.  Claim Against Defendant Salter.**

The initial inquiry in a § 1983 action focuses on two essential elements: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664-65, 88 L.Ed.2d 662 (1986).  Because the defendants are state actors, the focus is on whether Burke suffered a deprivation of a constitutional right.  The applicable constitutional provision in this instance is the Fourteenth Amendment, which protects against deprivations of life, liberty, or property by a state without due process of law.  *Id.* at 537, 101 S.Ct. at 1914.  However, "[n]othing in [the Fourteenth Amendment] protects against all deprivations of life, liberty, or property by the State. [It] protects only against deprivations without due process of law."  *Id.*

A deprivation of property that is the result of a defendant's lack due care or negligence does not violate the Fourteenth Amendment.  *Daniels*, 474 U.S. at 333, 106 S.Ct. at 666.  And "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due

4

Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 532, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984). When a pre-deprivation hearing is impractical due to the "random, unauthorized act by a state employee," a post-deprivation remedy satisfies due process because it is impossible for the State to know beforehand of the deprivation. *Id.* at 532, 104 S.Ct. at 3204. Some post-deprivation remedies that have satisfied due process are administrative procedures, *Parratt*, 451 U.S. at 543-44, 101 S.Ct. at 1917, or ordinary state tort litigation procedures, *Hudson,* 468 U.S. at 535, 104 S.Ct. at 3204.

In the present action, Burke claims that defendant Salter refused to give him his purchases from the canteen although she had his correct purchases in a brown paper bag with her. (Doc. 1 at 5). Then, about one week later, and after many inquiries, defendant Salter appeared with an old brown paper bag containing his ruined canteen purchases and gave it to Burke. (*Id.*). It looked to Burke as though the oatmeal cakes had been meddled with and Uncle Al's Chocolate Chip cookies had been destroyed. (*Id.*) Burke refused to take the bag and said he wanted the money returned to his inmate account, which Salter refused to do. (*Id.*). These actions taken by Salter are intentional acts, and her destruction and/or damaging of his canteen purchases appears to be random and unauthorized for which a pre-deprivation hearing was impractical. Therefore, in order for this deprivation to be reviewable in this Court, Burke must establish that no adequate post-deprivation procedure was available to him at the tine of the deprivation. *See Tinney v. Shores,* 77 F.3d 378, 382 n.1 (11th Cir. 1996) (finding that plaintiffs' claim failed because they neglected to address the availability of an adequate post-deprivation remedy and instead they argued the violation was complete at the time of the deprivation).

5

In the complaint, Burke does not refer to a post-deprivation procedure. Despite this failing, Burke would not be able to establish that an adequate post-deprivation remedy was not available to him at the time of the deprivation because courts have recognized that Alabama law provides adequate post-deprivation remedies. *Dawson v. City of Montgomery,* 2008 WL 659800, at *8 (M.D. Ala. 2008) (unpublished) (finding that Alabama's conversion statute, Alabama Code § 6-5-260 (1975), is an adequate post-deprivation remedy); *Browning v. City of Wedowee, Ala.*, 883 F. Supp. 618, 623 (M.D. Ala. 1995) (finding that the taking of property by the sheriff and deputies may be addressed in tort pursuant to Alabama Code § 6-5-260 or by filing a claim with the Alabama Board of Adjustment pursuant to Alabama Code §§ 41-9-60, *et seq.*); *Milton v. Espey,* 356 So.2d 1201, 1203 (Ala. 1978)(finding that a state employee may be personally liable to an inmate in an ordinary, state-court tort action).

It is not necessary that the post-deprivation remedy be available to Burke at the present time to determine whether the deprivation was with or without due process. *See Parratt,* 451 U.S. at 543-44. It is only required that an adequate post-deprivation remedy be available when the deprivation occurred. *Id.* Because an adequate post-deprivation remedy was available at the time of the destruction of and/or damage to Burke's canteen purchases, this deprivation was not without due process. Accordingly, Burke's § 1983 claim against defendant Salter for a deprivation of property without due process law is frivolous and is due to be dismissed with prejudice. *Jackson v. Hill,* 569 F. App'x 697, 698 (11th Cir. 2014) (dismissing a deprivation of property claim as frivolous).

### B. Claims Against Defendants Earl, Emberion, Lang, Bennett, Brown, and McKenzie.

The other defendants, Earl, Emberion, Lang, Bennett, Brown, and McKenzie, are involved in this situation because each one tried to assist Burke in getting his canteen

purchases to him. The allegations against these remaining defendants do not reflect that these defendants deprived Burke of a constitutional right. Furthermore, Burke describes them as witnesses, which is a more accurate description than defendants since they did not cause Burke to suffer a deprivation. Inasmuch as Burke's allegations show no deprivation of a constitutional right being caused by these defendants, and a claim of constitutional magnitude could not be alleged which is consistent with the facts, defendants Earl, Emberion, Lang, Bennett, Brown, and McKenzie are due to be dismissed with prejudice as the claims against them are frivolous. *Parratt*, 451 U.S. at 535, 101 S.Ct. at 1913 (holding in order to state a § 1983 claim the plaintiff must be deprived of a federal or constitutional right).

IV. **Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[2]

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

---

[2] The Court is foregoing a discussion of the applicability of 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Section 1997e(e) requires that in the absence of a physical injury that is greater than *de miminis*, an inmate cannot recover compensatory or punitive damages in a § 1983 action. *Al-Amin v. Smith*, 637 F.3d 1192, 1196-97 (11th Cir. 2011). And the only forms of relief available to an inmate when no physical injury is present are injunctive and declaratory relief and nominal damages. *Id.*; *Brooks v. Warden*, 800 F.3d 1295,1303 (11th Cir. 2015). However, nominal damages are recoverable only when a constitutional injury is present. *Id.* at 1309. In the present action, no physical injury and constitutional deprivation are present.

7

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 14th day of September, 2017.

                                          <u>s/ Katherine P. Nelson</u>
                                          **UNITED STATES MAGISTRATE JUDGE**